UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VINCENT L. CASTALDI and** <br> **MARIA CASTALDI, h/w** <br> 655 7th Avenue North <br> Tierra Verde, F.L. 33715 <br><br> Plaintiffs, <br> v. <br><br> **KARL H. EBERT, M.D.** <br> 17 West Red Bank Avenue <br> Suite 303 <br> Woodbury, N.J. 08012 <br> and <br> **DELAWARE VALLEY UROLOGY, LLC** <br> 17 West Red Bank Avenue <br> Suite 303 <br> Woodbury, N.J. 08012 <br><br> Defendants. | **CIVIL ACTION NO. _____** <br><br><br> **CIVIL ACTION COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**JURISDICTION**

1.  This action is brought in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1332 as a civil action in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is a controversy between citizens of different states; the plaintiffs are residents of Florida and the defendants reside in and are citizens of New Jersey; the amount in controversy also exceeds the arbitration limits.

**PARTIES**

2.  Plaintiffs, Vincent and Maria Castaldi are citizens and residents of the State of Florida, residing therein at 655 7th Avenue North, Tierra Verde, Florida 33715.

3. Upon information and belief at all times relevant hereto, Defendant, Karl H. Ebert, M.D., was a licensed and practicing physician of the State of New Jersey with an office located at 17 West Red Bank Avenue, Suite 303, Woodbury, New Jersey 08096, holding himself out to the public as a specialist in the field of Urology. As such, defendant Dr. Ebert is and was held to a higher standard of care than a general practitioner within his chosen specialty.

4. Defendant, Delaware Valley Urology, LLC, is a jural or other entity organized and existing under the laws of the State of New Jersey and maintains and/or operates a general medical facility and/or a medical practice, with its principal places of business located at 17 West Red Bank Avenue, Suite 303, Woodbury, New Jersey 08096.

## COUNT I - NEGLIGENCE

## PLAINTIFFS v. ALL DEFENDANTS

5. The allegations stated above are incorporated herein by reference as if set forth in full.

6. On June 4, 2007, Mr. Castaldi first presented to Defendant Ebert for a prostate evaluation and with complaints of urinary hesitancy and difficulty urinating. Defendant Ebert recommended a CT scan and follow-up cytology.

7. Cytology sent on July 12, 2007 revealed urothelial carcinoma: high grade lesion. Subsequent urine cytologies on July 13, 2007 and July 16, 2007 revealed dysplastic urothelial cells.

8. On August 29, 2007, Defendant Ebert performed a cystoscopy on Mr. Castaldi for evaluation of hematuria and a history of a positive urine cytology. Defendant Ebert also

performed random bladder biopsies and performed bilateral barbottage of the kidneys which showed atypical cells bilaterally.

9. On February 13, 2008, Defendant Ebert assessed Mr. Castaldi for benign prostatic hyperplasia and kidney stones. Defendant Ebert failed, as required by the accepted standard of medical care, to address multiple positive cytology specimens revealing dysplasia, atypia and the initial cytology which showed urothelial carcinoma high grade lesions.

10. On April 7, 2008, Defendant Ebert assessed Mr. Castaldi for hematuria and "pain and pink" urine. Defendant Ebert did not, as required by the accepted standard of medical care, initiate a gross hematuria workup on this visit. Instead, Defendant Ebert sent Mr. Castaldi for a non-contrast CT scan and for urine cytology. These tests revealed urothelial dysplasia and low grade urothelial carcinoma.

11. On May 5, 2008, Defendant Ebert assessed Mr. Castaldi for kidney stones. Defendant Ebert noted that Mr. Castaldi's cytology was atypical but again failed, as required by the accepted standard of medical care, to address the multiple positive cytology specimens revealing dysplasia, atypia and the initial cytology which showed urothelial carcinoma high grade lesions.

12. On August 10, 2008, Mr. Castaldi underwent a Urovysion test, or a fluorescence in situ hybridization ("FISH") test. The FISH test was positive for malignancy.

13. Defendant Ebert assessed Mr. Castaldi again on November 3, 2008. Again, Defendant Ebert did nothing, as required by the accepted standard of medical care, to address the indicia of malignancy. Additionally, Defendant Ebert did not, as required by the accepted standard of medical care, initiate a hematuria work up.

14. On April 8, 2009, Defendant Ebert assessed Mr. Castaldi after a CT scan for stone protocol. Again, Defendant Ebert did not, as required by the accepted standard of medical care, evaluate the gross hematuria, abnormal cytologies and positive FISH study.

15. On May 6, 2009, Defendant Ebert attempted a cystoscopy and ureteroscopy due to possible right ureteral stricture disease. Defendant Ebert was unable to successfully intubate the ureter. Dr. Ebert placed a right ureteral stent and planned to evaluate him at a later date. Biopsies were obtained during this procedure.

16. On May 6, 2009, pathology from Underwood Memorial Hospital stated "urothelial carcinoma cannot be ruled out."

17. On September 23, 2009, over four months since the biopsies and pathology report, Dr. Ebert finally evaluated Mr. Castaldi with ureteroscopy and biopsy. Mr. Castaldi was diagnosed with a "distal right ureteral stricture with a possible ureteral tumor." Pathology from Underwood Memorial Hospital confirmed "Primary, invasive, nonpapillary, urothelial carcinoma..."

18. As a direct result and proximate cause of the carelessness, recklessness, and negligence of the Defendants, as well as Defendants' failure to adhere to accepted medical and professional standards, Plaintiff Vincent Castaldi's ureteral cancer was allowed to develop and progress undiagnosed and untreated until at least September 23, 2009.

19. At all times relevant hereto, Defendants Karl H. Ebert, M.D. and Delaware Valley Urology, LLC, were acting by themselves and through their separate and respective agents, actual, apparent and/or employees including ostensible agents and some or all of the agents may have agents, servant and employees of the others.

20.     A physician/patient, and /or health care provider/patient relationship existed between the Plaintiff, Vincent Castaldi, and the Defendants, Karl H. Ebert, M.D. and Delaware Valley Urology, LLC, for a period of time prior to and up through and including the time of the occurrences as described herein and after.

21.     At all times relevant hereto, Defendants, Karl H. Ebert, M.D. and Delaware Valley Urology, LLC, agreed to undertake and provide the plaintiff, Vincent Castaldi, with medical care including, but not limited to examination, treatment, testing, diagnosis and medical attention in accordance with accepted standards of good and reasonable medical and/or surgical practices.

22.     During the care and treatment rendered by Defendants, Defendants negligently failed to exercise ordinary care and/or the degree of care required by accepted standards of good and reasonable medical and/or surgical practice within their field, specialty and/or profession in that they failed to properly diagnose, monitor, evaluate, test, medicate, and treat plaintiff, Vincent Castaldi, in accordance with the accepted standards of good and reasonable medical and/or urology practices.

23.     As a direct result and proximate cause of the carelessness, recklessness, and negligence of the Defendants, as well as defendants' failure to adhere to accepted medical and professional standards, plaintiff Vincent Castaldi, suffered painful and permanent injuries including ureteral cancer, incurred and will in the future incur substantial medical expense in an effort to cure and rehabilitate himself, was rendered unable to attend to his duties and is at an increased risk of injury and death.

24.     The injuries plaintiff, Vincent Castaldi, suffered were the direct result and

proximate cause of the negligent conduct of the defendants, their agents, servants, and employees and were due in no manner whatsoever to acts or failures to act on the part of plaintiff.

25.     During the medical treatment by defendants, Vincent Castaldi was rendered medical care and management by defendants herein, their agents, servants, and employees, who agreed to exercise the degree of specialized care and skill in their diagnoses and treatment as is expected of persons in their professional standing.

26.     As a direct result of the aforesaid negligence and fault of defendants, Vincent Castaldi suffered permanent damages and injuries including, but not limited to, the following:

a. cancer;

b. the advancement, spread and progression of cancer;

c. metastatic cancer;

d. injuries as documented in the medical records and evaluative reports of physicians and other health care professionals including but not limited to ureteral cancer and ureteral carcinoma;

e. risk of injury and death;

f. pain and suffering;

g. medical expenses;

h. mental anguish;

i. embarrassment;

j. disfigurement;

k. humiliation;

l. loss of earning capacity; and

m. loss of life's pleasures.

**WHEREFORE**, Plaintiffs, Vincent and Maria Castaldi, demand Judgment against Defendants, Karl H. Ebert, M.D. and Delaware Valley Urology, LLC, jointly, severally and/or individually for all damages allowable under law, interest and costs, which sum includes, but is not limited to:

    a.    damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and costs; and,

    b.    all other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

## COUNT II - VICARIOUS LIABILITY

27.    The allegations stated above are incorporated herein by reference as if set forth in full.

28.    The Defendants, Karl H. Ebert, M.D. and Delaware Valley Urology, LLC, are responsible for the negligent and careless treatment of their agents, servants, workmen, and or employees under the theory of *respondeat* superior.

**WHEREFORE**, Plaintiffs, Vincent and Maria Castaldi, demand Judgment against Defendants, Karl H. Ebert, M.D. and Delaware Valley Urology, LLC, jointly, severally and/or individually for all damages allowable under law, interest and costs, which sum includes, but is not limited to:

    a.    damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and costs; and,

      b.    all other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

### COUNT III - LOSS OF CONSORTIUM

29. The allegations stated above are incorporated herein by reference as if set forth in full.

30. At all times material hereto, the Plaintiff, Maria Castaldi, was the wife of the Plaintiff, Vincent Castaldi.

31. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Karl H. Ebert, M.D. and Delaware Valley Urology, LLC, jointly, severally, and/or individually, the Plaintiff, Maria Castaldi, was deprived of the services, society, companionship, support and consortium of her husband, Vincent Castaldi, and will continue to be so deprived for an indefinite time in the future to her great detriment and loss.

**WHEREFORE**, Plaintiffs, Vincent and Maria Castaldi, demand Judgment against Defendants, Karl H. Ebert, M.D. and Delaware Valley Urology, LLC, jointly, severally and/or individually for all damages allowable under law, interest and costs, which sum includes, but is not limited to:

      a.    damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and costs; and,

      b.    all other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all counts and all issues raised by this Complaint.

**ROSS FELLER CASEY, LLP**

BY: /s/ Robert Ross
ROBERT ROSS, ESQUIRE
One Liberty Place - Suite 3450
1650 Market Street
Philadelphia, PA 19103
215-574-2000
Attorney for Plaintiffs

Dated: July 8, 2010